FILED
SUPERIOR COURT
OF GUAM

2019 MAY 13 AM 11: 39

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

WILLIAM JAMES PENN,                          )          Case No. DM0026-19
                                             )
                 Plaintiff,                  )
                                             )
        v.                                   )          DECISION & ORDER
                                             )
SHELEEN LOUISE QUITUGUA PENN,                )
                                             )
                 Defendant.                  )
_____)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 01, 2019 for a hearing on a submission by Sheleen Penn of an Ex-Parte Motion for Order to Show Cause Re: Pendente Lite Custody of Vehicle. Sheleen Penn is represented by Attorney Daniel Somerfleck, and William Penn is represented by Attorney Joaquin Arriola, Jr. After hearing the testimony of the parties and considering the applicable law, the Court now issues this Decision and Order dismissing the motion as moot.

## BACKGROUND

The parties were married in August 2014 and have two minor children. (Complaint at 2, Jan. 11, 2019). In April 2018, the parties separated. *Id.* Since the time of separation Sheleen has maintained exclusive possession of the parties' 2015 Chevrolet Tahoe. (Decl. William J.

Penn at 2, Mar. 18, 2019); (Decl. Defendant at 1, Mar. 13, 2019). William has continued to pay all of the parties' marital debts since the separation. (Decl. William J. Penn at 2).

On March 07, 2019, Sheleen left Guam for a trip, leaving the 2015 Tahoe parked at the airport. (*See* Decl. Defendant at Attachment 2). Sometime after Sheleen's departure, William had the vehicle towed from the airport to his residence. *Id.* Sheleen demanded that William return the vehicle because it was her only method of transportation. *Id.* at Attachment 1 and 2. William refused, and instead sold the vehicle to Auto Spot for eighteen thousand dollars ($18,000.00). (Decl. William J. Penn at Exb. 3). William then used the money obtained from the sale and another three thousand dollars ($3,000.00) borrowed from his sister to pay off the Navy Federal Credit Union car loan initially used to purchase the vehicle. *Id.* at Exb. 4 and 5.

After returning to Guam, Sheleen filed her Ex-Parte Motion for Order to Show Cause. (Ex-Parte Mot. OSC, Mar. 13, 2019). William filed an opposition to the motion. (Opposition to Defendant's Ex-Part Mot., Mar. 19, 2019). The Court heard the testimony and arguments of the parties and subsequently took the matter under advisement. (Minute Entry, April 01, 2019). After the Court took the matter under advisement, the parties filed an Integrated Divorce, Custody and Property Settlement Agreement, an Interlocutory Decree of Divorce, and a Final Decree of Divorce. (Settlement Agreement, May 08, 2019); (Final Decree, May 08, 2019); (Interlocutory Decree, May 08, 2019).

## DISCUSSION

It is well understood that judicial tribunals have a duty to abstain from "giv[ing] opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *People v. Blas*, 2016 Guam 19 ¶ 12 (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)). Mootness can arise during a case at any

time whenever "the issues are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citing *Town House Dep't Stores v. Ahn*, 2000 Guam 32 ¶ 9). Even where the parties have not raised the issue, Courts are required to *sua sponte* examine jurisdictional issues. *Id.*

The case before us is no longer a live controversy. The Custody and Property Settlement agreement states that "all other community property not listed herein has been heretofore divided by and between the Parties. Each of the Parties shall receive the property set apart to them under this Agreement as a full and complete settlement and release of all claims and demands of every kind or nature against the other Party arising out of the marital relationship." (Settlement Agreement at 2). By plain language of the agreement, both parties have agreed that all community property not illegally concealed has been divided between the parties and that all claims to any community property have been settled. *Id.* This would include the 2015 Tahoe Sheleen is seeking in her motion and, thus, she has no further interest in the outcome of her pending motion. In addition, Sheleen was seeking custody of the vehicle *pendente lite*. (Ex-Parte Mot. OSC at 2). Even assuming the Court granted such an order, that order would expire immediately with the entry of the Final Decree of Divorce and Interlocutory Judgment of Divorce. As such, the Court, after accepting the parties stipulated decrees', would be issuing an order with no meaningful effect, and giving an opinion on an already settled dispute. Accordingly, the Court finds that it lacks jurisdiction over Sheleen's motion on mootness grounds.

## CONCLUSION

For the reasons state above, the Court hereby **DISMISSES** Defendant Sheleen Penn's Ex-Parte Motion for Order to Show Cause Re: Pendente Lite Custody of Vehicle as moot.

**IT IS SO ORDERED** on this 13st day of May, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of this
original hereto was placed in the
court box of:

Arriola, Cowan +
Arriola ; Somerfleck
Date: 5/13/19   Time: 12pm                    Page **4** of **4**

Deputy Clerk, Superior Court of Guam